USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 2 5 2018
ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

   - v. -        :   **INDICTMENT**

JOEL DAVIS,

          :   18 Cr.

    Defendant.    :   **18 CRIM   685**

- - - - - - - - - - - - - - - - - - x

**COUNT ONE**

(Enticement of a Minor to Engage in Illegal Sexual Activity)

The Grand Jury charges:

1. In or about June 2018, in the Southern District of New York and elsewhere, JOEL DAVIS, the defendant, willfully and knowingly, did use a facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years ("Victim-1") to engage in sexual activity for which a person can be charged with a criminal offense, and attempted to do so, to wit, DAVIS used a telephone to arrange a meeting to engage in sexual activity with a thirteen-year-old boy, and did meet with a thirteen-year-old boy to engage in illegal sexual activity.

(Title 18, United States Code, Sections 2422(b) and 2.)

## COUNT TWO
(Attempted Sexual Exploitation of a Minor)

The Grand Jury further charges:

2. In or about June 2018, in the Southern District of New York and elsewhere, JOEL DAVIS, the defendant, willfully and knowingly attempted to and did employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce, which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and was actually transported and transmitted using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, to wit, DAVIS, using a cellular telephone and electronic messaging, communicated with an individual who unbeknownst to DAVIS was an undercover FBI agent about inducing a minor to participate in sexually explicit conduct for the purpose of producing a visual image of such

conduct that would be sent to DAVIS through cellular telephone
messages.

(Title 18, United States Code, Sections 2251(a), (e), and 2.)

## COUNT THREE
(Possession of Child Pornography)

The Grand Jury further charges:

3. From at least in or about May 2018 up·to and including
in or about June 2018, in the Southern District of New York and
elsewhere, JOEL DAVIS, the defendant, knowingly did possess and
access with intent to view, a book, magazine, periodical, film,
videotape, computer disk, and other material that contained an
image of child pornography that had been mailed, shipped, and
transported using a means and facility of interstate and foreign
commerce and in and affecting interstate and foreign commerce by
any means, including by computer, and that was produced using
materials that had been mailed, shipped and transported in and
affecting interstate and foreign commerce by any means,
including by computer, to wit, DAVIS possessed images and videos
of child pornography, including images of prepubescent minors
who had not attained 12 years of age, on a smartphone device
located in New York, New York.

(Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2)
and 2.)

## COUNT FOUR
(Distribution and Receipt of Child Pornography)

The Grand Jury further charges:

4.    From at least in or about May 2018 up to and including at least in or about June 2018, in the Southern District of New York and elsewhere, JOEL DAVIS, the defendant, knowingly did receive and distribute and attempt to receive and distribute material that contains child pornography that had been mailed, and using a means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by a smartphone device, to wit, DAVIS made available for distribution sexually explicit images and videos of minors using a smartphone device in New York, New York.

(Title 18, United States Code, Sections 2252A(a)(2)(B), (b)(1) and 2.)

## FORFEITURE ALLEGATION

5.    As a result of committing the offense alleged in Count One of this Indictment, JOEL DAVIS, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2428, any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of said offense; and any and all property, real or personal, that was used or intended to be used to commit or facilitation the commission of said offense,

including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense that the defendant personally obtained.

6.    As a result of committing the offenses alleged in Counts Two, Three, and Four of this Indictment, JOEL DAVIS, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, any and all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from said offenses and any and all property, real or personal, used or intended to be used to commit or promote the commission of said offenses or traceable to such property, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

## Substitute Asset Provision

7.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which

cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section  853(p) and Title 28, United States

Code, Section 2461(c), to seek forfeiture of any other property

of the defendant up to the value of the above forfeitable

property.

    (Title 18, United States Code, Sections 2428 and 2253;
        Title 21, United States Code, Section 853; and
        Title 28, United States Code, Section 2461.)

FOREPERSON

GEOFFREY S. BERMAN
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JOEL DAVIS,

Defendant.

## INDICTMENT

18 Cr.

(18 U.S.C. §§ 2422(b), 2251(a), (e),
2252A(a)(2)(B), (a)(5)(B), (b)(1),
(b)(2), and 2.)

GEOFFREY S. BERMAN
United States Attorney

A TRUE BILL

Foreperson

*Filed Indictment*
*Wheel A*

*9/25/18*

*Case assigned to Judge Daniels*

*STEWART AARON*
*U.S.M.J.*